1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9               **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   JOSEPH VICTOR JOHNSON,                    CASE NO. 12cv1877-WQH-DHB

12                          Plaintiff,          ORDER

13          vs.

14   CAROLYN W. COLVIN,
     Commissioner of Social Security,

15                          Defendant.

16   HAYES, Judge:

17          The matters before the Court are the Motion for Attorney's Fees Pursuant to the

18   Equal Justice Act, 28 U.S.C. § 2412(d) (ECF No. 21), and the Amended and Corrected

19   Motion for Attorney's Fees (ECF No. 30), both filed by Plaintiff Joseph Victor

20   Johnson.

21   **I.     Background**

22          On July 3, 2007, Plaintiff filed an initial application for Supplemental Security

23   Income, alleging a disability beginning on April 1, 2003. (Administrative Record, ECF

24   No. 9 at 94). On November 28, 2007, Plaintiff's initial application was denied. *Id.* at

25   78-81. On March 3, 2008, Plaintiff's application was denied on reconsideration. *Id.*

26   at 83-87. On May 2, 2008, Plaintiff filed a timely request for a hearing before an

27   Administrative Law Judge ("ALJ"). *Id.* at 89-90.

28          On April 22, 2009, the ALJ denied Plaintiff benefits after finding that Plaintiff

1  was not disabled within the meaning of the Social Security Act.  *Id.* at 6-26.  On May

2  22, 2009, the Appeals Council adopted the ALJ's findings.  *Id.* at 1-3.

3      Plaintiff sought judicial review of the Commissioner's decision in United States

4  District Court for the Eastern District of California.  On September 16, 2010, the district

5  court granted Plaintiff's motion for summary judgment and denied the Commissioner's

6  cross-motion for summary judgment.  *Id.* at 415-21.  The district court remanded the

7  case to the Appeals Council for further administrative proceedings.  *Id.* at 415-16.

8      On November 6, 2010, the Appeals Council remanded Plaintiff's claim to an ALJ

9  for further administrative proceedings.  *Id.* at 423-24.  On June 4, 2012, the ALJ issued

10  a written decision denying Plaintiff's application for benefits.  *Id.* at 352-72.  The ALJ

11  concluded that Plaintiff was not disabled within the meaning of the Social Security Act.

12  *Id.* at 365.

13      On July 31, 2012, Plaintiff filed a Complaint in this Court pursuant to section

14  405(g) of the Social Security Act, seeking judicial review of the final decision of the

15  Commissioner to deny Plaintiff's claim for disability benefits.  (ECF No. 1).  On

16  October 17, 2012, Defendant filed an Answer (ECF No. 8) and lodged the

17  Administrative Record.  (ECF No. 9).  On November 28, 2012, Plaintiff filed a Motion

18  for Summary Judgment.  (ECF No. 12).  On December 31, 2012, Defendant filed an

19  Amended Cross-Motion for Summary Judgment and Opposition.  (ECF No. 16).  On

20  January 11, 2013, Plaintiff filed a Reply.  (ECF No. 17).

21      On July 16, 2013, the Magistrate Judge issued a Report and Recommendation,

22  recommending that the Court deny Plaintiff's Motion for Summary Judgment and grant

23  Defendant's Cross-Motion for Summary Judgment.  (ECF No. 18).  On July 30, 2013,

24  Plaintiff filed Objections to the Report and Recommendation.  (ECF No. 19).

25      On September 30, 2013, this Court adopted in part and did not adopt in part the

26  Magistrate Judge's Report and Recommendation.  (ECF No. 20).  The Court adopted

27  the Report and Recommendation with respect to the ALJ's decision to reject the

28  opinions of Plaintiff's treating psychiatrists, but otherwise did not adopt the Report and

Recommendation. *Id.* at 18. The Court granted in part Plaintiff's Motion for Summary Judgment and denied Defendant's Cross-Motion for Summary Judgment. *Id.* at 18-19. The Court remanded Plaintiff's case to the Social Security Administration for further proceedings. *Id.* at 19.

On December 20, 2013, Plaintiff filed the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (ECF No. 21). On February 21, 2014, Defendant filed an Opposition. (ECF No. 26). On March 7, 2014, Plaintiff filed a Reply. (ECF No. 28). On May 5, 2014, Plaintiff filed the Amended and Corrected Motion for Attorney's Fees. (ECF No. 30).

## II.     Contentions of the Parties

Plaintiff contends that he is entitled to attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") on the grounds that Plaintiff was the prevailing party, Defendant's position was not substantially justified, and the attorney's fees claimed are reasonable. (ECF No. 21 at 2-4, 9). Plaintiff's counsel, John V. Johnson, includes in the motion an itemized record of time expended on this case. *Id.* at 9. Plaintiff seeks EAJA attorney's fees for 55 hours of work completed in 2012 and 2013.[1] (ECF Nos. 21 at 9, 30 at 1).

Defendant contends that Plaintiff is not entitled to fees under the EAJA on the grounds that "the government's position was substantially justified" and that "Plaintiff's fee request is excessive and unreasonable." (ECF No. 26 at 6, 8). Defendant contends her "string of successes demonstrates substantial justification." (ECF No. 26 at 4).

## III.    Discussion

### A.     Entitlement to Fees

The EAJA provides:

---

[1] Plaintiff's Amended and Corrected Motion for Attorney's Fees corrects the statutory EAJA rate and the total amount of fees Plaintiff is requesting. Both Plaintiff's Motion and Amended Motion incorrectly state the EAJA statutory hourly rate for 2012 and 2013. (ECF Nos. 21, 30). Defendant's Motion correctly states the rate for 2012. (ECF No. 26). As discussed *infra*, the Court finds that the correct hourly rate for 2012 is $185.72, and the correct hourly rate for 2013 is $188.48. The total amount of fees for the 55 hours Plaintiff requests is $10,264.28.

1     Except as otherwise specifically provided by statute, a court shall award
to a prevailing party other than the United States fees and other expenses
2     ... incurred by that party in any civil action (other than cases sounding in
tort), including proceedings for review of agency action, brought by or
3     against the United States in any court having jurisdiction of that action,
unless the Court finds that the position of the United States was
4     substantially justified or special circumstances make an award unjust.

5   28 U.S.C. § 2412(d)(1)(A); *see also Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991)

6   ("Under the EAJA, the prevailing party is automatically entitled to attorney's fees for

7   any fee litigation once the district court has made a determination that the government's

8   position lacks substantial justification.").

9      The government's position is substantially justified "if it has a reasonable basis

10  in law and fact" to rely upon the ALJ's assessment; reasonable basis means "a degree

11  that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565-66 n.2

12  (1988). Reasonableness is determined by examining both the agency's underlying

13  conduct and the agency's subsequent litigation position, which led this Court to order

14  a remand. *See Gutierrez v. Barnhart*, 254 F.3d 1255, 1259 (9th Cir. 2001); *Corbin v.*

15  *Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) ("The government's position must be

16  substantially justified at each stage of the proceedings.") (quotation omitted). "Where

17  ... the ALJ's decision was reversed on the basis of procedural errors, the question is not

18  whether the government's position as to the merits of [plaintiff]'s disability claim was

19  substantially justified. Rather, the relevant question is whether the government's

20  decision to defend on appeal the procedural errors committed by the ALJ was

21  substantially justified." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008). The

22  burden of establishing substantial justification is on the government. *See Gutierrez v.*

23  *Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

24      In this case, Plaintiff is the prevailing party. (ECF No. 20 at 18-19). The Court

25  found that the ALJ erred in failing to consider the relevant opinions of Dr. Tyl which

26  were favorable to Plaintiff, despite the ALJ "credit[ing] and adopt[ing]" Dr. Tyl's

27  opinion without reservation. *Id*. at 17 (quoting Admin. R. at 364, ECF No. 9-8). The

28  Court finds that, under the facts of this case, Defendant has failed to establish that its

1  position was substantially justified.  *See Flores v. Shalala*, 49 F.3d 562, 569-71 (9th

2  Cir. 1995) (holding that the government's decision to oppose claimant's remand request

3  on appeal was not substantially justified when the ALJ failed to consider a vocational

4  report bearing on the issue of disability); *cf. Shafer*, 518 F.3d at 1072  ("The ALJ

5  rejected a treating physician's opinion in favor of a non-treating physician's opinion

6  without providing clear and convincing reasons, and committed several errors in

7  assessing Shafer's residual functional capacity.  It follows a fortiori the government's

8  defense of the ALJ's procedural errors was not substantially justified, and Shafer is

9  entitled to attorneys' fees under the EAJA.").  The Court awards Plaintiff attorney's

10  fees pursuant to the EAJA.

11        **B.    Reasonableness of Fees**

12        Defendant contends that the "55 hours [Plaintiff's counsel] spent on this case was

13  excessive or otherwise unnecessary.'"  (ECF No. 26 at 9).  Defendant contends that

14  "[c]ounsel's block billing makes it difficult to separate the time spent writing from the

15  time spent reviewing the record ... [which] supports a 40% reduction in the hours billed

16  by Plaintiff's counsel." *Id.*  Defendant contends that "8 hours for preparing and drafting

17  Plaintiff's EAJA Motion ... is excessive and should be reduced." *Id.* at 10.

18        Plaintiff contends that his attorneys' "fee[s] ... are reasonable because he did not

19  represent [P]laintiff at the prior administrative hearing and had to take extra time to

20  review and analyze the 1034 page Certified Transcript of administrative proceedings."

21  (ECF No. 21 at 10).  Plaintiff contends that "the procedural history and complexity of

22  the issues should also be considered because he had to overcome two unfavorable

23  hearing decisions along with the U.S. Magistrate's affirmation of the last denial, and he

24  had to distinguish his case from the holding in [*Hoopai v. Astrue*], 499 F.3d 1071 (9th

25  Cir. 2007)." *Id.*

26        Attorney fees awarded pursuant to the EAJA must be reasonable.  *See* 28 U.S.C.

27  § 2412(d)(2)(A).  In determining whether a fee is reasonable, the court considers the

28  hours expended, the reasonable hourly rate, and the results obtained.  *See Comm'r,*

1    *I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) ("the district court [has] discretion to determine

2    the amount of a fee award, given its superior understanding of the litigation and the

3    desirability of avoiding frequent appellate review of what essentially are factual

4    matters.") (quotation omitted); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkin v.*

5    *Apfel*, 154 F.3d 986 (9th Cir. 1998). "[I]t is [] an abuse of discretion to apply a de facto

6    policy limiting social security claimants to twenty to forty hours of attorney time in

7    'routine' cases.... [The fee] determination will always depend on case-specific factors

8    including, among others, the complexity of the legal issues, the procedural history, the

9    size of the record, and when counsel was retained." *Costa v. Comm'r of Soc. Sec.*

10   *Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012).

11       Counsel did not represent Plaintiff at the administrative level and had to become

12   familiar with the case, which included review of an extensive 1,034-page administrative

13   transcript.  (ECF No. 21 at 10).  While not novel, Plaintiff's case was somewhat

14   complex and involved significant issues.  Plaintiff's Motion for Summary Judgment

15   consisted of 45 pages.  (ECF No. 13).  Plaintiff filed a 10-page Reply to Defendant's

16   Cross-Motion for Summary Judgment (ECF No. 17), a 10-page Objection to the 39-

17   page Report and Recommendation (ECF No. 19), a 10-page EAJA Motion (ECF No.

18   21) and a 10-page Reply to the Opposition of that motion (ECF No. 28).  The Court has

19   reviewed the hours claimed by counsel and finds no reason to believe they are inflated.

20   After reviewing the record and the filings of the parties, the Court finds that counsel's

21   time spent preparing the Complaint, the Motion for Summary Judgment, the Reply

22   Brief, the EAJA Fee Petition, and other documents is reasonable given the facts of this

23   case. *See e.g., Gomez v. Astrue*, Case No. 06cv2051 BTM (NLS), 2008 WL 3200668

24   at *3-4 (S.D. Cal. Aug. 5, 2008) (awarding plaintiff's counsel fees for 11 hours of work

25   related to the preparation of the EAJA motion and reply); *Mendoza v. Bowen*, 701 F.

26   Supp. 1471, 1472 (N.D. Cal. 1988) (finding that plaintiff's counsel reasonably

27   expended 50 hours on a case that lacked any novel issues).

28       In the Amended Motion for Attorney Fees, Plaintiff contends that the hourly rate

1    for EAJA fees is $184.00 for 2012 and $187 for 2013. (ECF No. 30 at 1). Defendant

2    correctly contends the rate for 2012 is $185.72. (ECF No. 26 at 10). *See* 28 U.S.C. §

3    2412(d)(2)(A) (setting the hourly rate cap at "$125 per hour unless the court determines

4    that an increase in the cost of living ... justifies a higher fee."); *Thangaraja v. Gonzalez*,

5    428 F.3d 870, 876-77 (9th Cir. 2005) ("Appropriate cost-of-living increases are

6    calculated by multiplying the $125 statutory rate by the annual average consumer price

7    index figure for all urban consumers ('CIP-U') for the years in which counsel's work

8    was performed, and then dividing by the CPI-U figure for March 1996, the effective

9    date of the EAJA's $125 statutory rate."). The Court finds that an hourly rate of

10    $185.72 for 2012 and $188.48 for 2013 is appropriate.

## IV.   Conclusion

      IT IS HEREBY ORDERED that the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (ECF No. 21) is GRANTED as follows. Plaintiff is entitled to a total award of $10,264.28, which is comprised of 37 hours in 2012 at the rate of $185.72 and 18 hours in 2013 at the rate of $188.48. The Amended and Corrected Motion for Attorney Fees (ECF No. 30) is DENIED as moot.

DATED: July 2, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge